No. 20.—Milton Amos and others, plaintiffs in error, *vs.* James
Amos, executor, &c. defendant in error.

[1.] Where a bill was filed against a defendant to account and pay over a certain sum of money in his hands, who admitted he received the money, but claimed to retain it under a contract or agreement made between himself and his testator in his life time, in consideration of certain valuable services to be rendered by him, which he alleged had been performed; and on the trial of the cause, the Court instructed the Jury, as to the law applicable to *voluntary parol gifts*, and not as to the law applicable to *contracts* or *agreements; Held*, that this was error; that the parties were en-

titled to have their cause tried according to *the law* applicable to *the issue* made by the pleadings, and a new trial must be granted.

In Equity, in Troup Superior Court. Tried before Judge HILL, May Term, 1852.

This was a bill filed by Milton Amos and others, legatees under the will of Maulden Amos, deceased, against James Amos, the executor, praying an account and settlement. The bill charged that prior to the death of Maulden Amos, he placed a large amount of money and notes in the hands of James Amos, to loan and manage for him. An account of this fund and its increase was also prayed for.

The answer of James Amos admitted that he had received from Maulden Amos, an amount of money and notes, but denied that it was for the purpose specified in the bill. The answer set forth that subsequently, Maulden Amos, in consideration of defendant's services and attention to him, in his old age, gave defendant all the money and notes in his hands.

Upon the trial, a great deal of testimony was submitted to the Jury, both as to the question of the alleged agreement, and also as to the capacity of Maulden Amos at the time.

At the conclusion of the testimony, the Court proceeded to charge the Jury at length on the subject of parol gifts, and what kind of delivery was sufficient to make such gifts valid; stating to the Jury, that although to make a parol gift good in law, there must be a delivery of possession; yet it was not necessary, in every instance, that delivery, *eo instanti*, should accompany the words signifying the gift; that if the donee were already in possession of the goods, whatever showed an intention of the parties that the dominion should pass, would be sufficient, although the possession of the donee might have been originally for a different purpose. The Court also charged, that the answer of James Amos was responsive to the bill, and was evidence for him, so far as to show the original delivery of the property to him, and his subsequent possession of it; and that proof of sayings, by his father, that he had given the property to James Amos,

coupled with the fact that possession was already in him, (though for a different purpose,) was sufficient to make a good gift.

To which charges of the Court complainants excepted.

W. Dougherty, for plaintiff in error.

Bull & Ferrell, for defendant.

*By the Court.*—Warner, J. delivering the opinion.

[1.] This bill is filed by the legatees of Maulden Amos, deceased, against James Amos, his executor, for the purpose of compelling him to account for, and pay to them, their share of a certain sum of money which they allege went into the hands of the defendant.

The defendant admits in his answer, that he received from his testator in his life time, about the sum of twenty-two-hundred dollars, but expressly alleges, that the testator, several years before his death, gave him the said sum of twenty-two hundred dollars, *in consideration* that he, the defendant, would take care of him, and provide for him in a manner suitable to his age and consequent feebleness, and see him properly disposed of after death.

The defendant also alleges, that in pursuance of the obligation imposed on him by the gift of the money aforesaid, as well as filial regard for his aged father, he supported, maintained, clothed and washed for him, for eight years, paid his medical bills, and gratified him in every wish and desire, within the bounds of reason. The defendant, in his answer, claims title to the money in question, by virtue of a *contract* made with his testator in his life time. About eight years before his death, he alleges, the testator gave him the money, *in consideration* that he would maintain and support him during life, and see him properly disposed of after death, all of which; the defendant alleges he has done and performed. On the trial of this cause, there was much evidence introduced as to the mental capacity of the testator, and also, as to the care and attention bestowed upon him by

Amos and others *vs.* Amos.

the defendant and his family, during the period which he re-
mained at the defendant's house.    The Court below instructed
the Jury as to the law regulating *voluntary parol gifts* of person-
al chattels, to which the counsel for complainant excepted, and
now assigns the same for error here.    The argument for the
plaintiff in error is, that the defendant, in his answer, sets up a
title to the money in controversy, under a contract made with
his testator in his life time ; that the Jury were instructed by the
Court, to consider the case according to the law regulating *vol-
untary parol gifts of property ;* thereby giving to the Jury a rule
of law for their guide, which did not apply to the case made by
the pleadings then before it.    We have not been able to discov-
er from any portion of the defendant's answer, that he claims to
retain the money by virtue of a *voluntary parol gift* from his tes-
tator ; but on the contrary, he claims to retain it under the *con-
tract,* or *agreement,* made between himself and his testator, for
valuable services to be rendered by him, which he alleges he
has performed.    Whether the defendant is entitled to re-
tain the money, under the contract or agreement, as set up by
him, is *one question.*  Whether he is entitled to retain it, under a
voluntary parol gift from the testator, is another, and *totally dis-
tinct question.*   Had the Court properly instructed the Jury as to
the law applicable to the contract or agreement, set up in the
answer of the defendant, we should not have disturbed this ver-
dict.    Although the evidence in the record, is not as full and
satisfactory to that point, as might be desirable, yet, there was
*some* evidence in relation to the contract ; and if it had been sat-
isfactory to the Jury, we should not have interfered with their
verdict.    Assuming the contract or agreement, between the de-
fendant and the testator, to have been *proved,* the performance
thereof, by the defendant on his part, is clearly established. The
services which he alleges he was to render to the testator, *in con-
sideration for the money,* appear to have been faithfully performed.
The parties, however, were entitled to have their cause tried ac-
cording to *the law* applicable to *the issue* made by the pleadings.
The issue made by the pleadings was, did the defendant and the
testator make the contract or agreement, as alleged ?    Did the

defendant perform his part of the contract or agreement, which he alleges was the consideration for the money ? The law applicable to contracts or agreements, was *the law of this case*, and should have controlled it. Inasmuch, therefore, as the Court instructed the Jury as to the law applicable to *voluntary parol gifts*, and not as to the law applicable to *contracts* or *agreements*, we think it was error, and a new trial must be granted. It is impossible for us to say what effect the charge of the Court in regard to parol gifts, may have had on the minds of the Jury, in making up their verdict.

If the Judge at the trial misdirect the Jury on *matters of law, material to the issue*, whatever may be the nature of the case, the verdict will be set aside, and a new trial granted.    *Graham on New Trials*, 262.    *Calcraft vs. Gibbs, 2 Term Rep.* 20.    *Boyden vs. Moore, 5 Mass. Rep.* 372.    Let the judgment of the Court below be reversed, and a new trial granted.