## FOSTER *vs.* JENKINS AND BELT.

1. Before the testimony of a witness, as to the identity of hand writing, can go to the jury, the witness must express what amounts to an opinion, one way or the other, at the time when he is testifying, under the circumstances then existing.

2. If error has been committed by the Judge in putting the case before the jury, he ought to grant a new hearing, when there was evidence enough to support a different verdict.

Action on Notes. Decision by Judge HOLT, at April Term, 1860, of Jefferson Superior Court.

This was an action in the short form, upon two promissory notes, purporting to have been executed by defendant's intestate. The pleas were the general issue, *non est factum*, and failure of consideration. The jury having rendered a verdict in favor of plaintiff, the defendants moved the Court for a new trial, upon the following grounds:

1st. Because the verdict is contrary to the evidence.

2d. Because it is contrary to the weight of evidence.

3d. Because it is decidedly and strongly against the weight of evidence.

4th. Because the Court erred in admitting the evidence of

George Cuyler to the jury against defendant's objection, and witness not answering that he believed the signatures to be the signatures of said (defendant's intestate) Patrick B. Connelly.

5th. Because the Court erred in forcing defendant to send to the jury the letters attached by Robert Phinizy to his answers to interrogatories taken out for him by plaintiff and offered (without letters) by said defendants, said Court rejecting the said evidence without defendants sent them with it to the jury.

6th. Because the Court erred in charging the jury, that if they found said notes to have been given to said plaintiff by said Connelly for and in settlement of the legacy, by the will of Thomas Street to the plaintiff's wife, the said consideration was sufficient, and said defendants estopped from denying the consideration thereof.

7th. Because the Court charged, " that if the notes sued on are for value received, they import a consideration, and, under the plea of failure of consideration, the defendants, relying upon that plea, must substantiate it by proof, which proof must show what the consideration is, and in what, and to what extent there is a failure," as requested by the plaintiff in writing.

The Court below granted a new trial upon the fourth ground alone, not expressing an opinion upon any other. The facts upon which the fifth, sixth and seventh grounds are based, are not certified to this Court.

The plaintiff excepts to this decision, because, as is alleged, the testimony of Cuyler was properly admitted, and because, even without the testimony of Cuyler, there was sufficient evidence to entitle him to the verdict.

A. R. WRIGHT, represented by J. S. HOOK, for plaintiff in error.

JOHN T. SHEWMAKE, for defendant in error.

*By the Court.*—STEPHENS, J., delivering the opinion.

1. The Judge granted a new trial in this case upon the ground that he had improperly admitted in evidence the deposition of Mr. George Cuyler, Cashier of the Central Rail

Road Bank. His testimony does not express a belief existing at the time when his answers were given, that the signatures were genuine; but he says that if the notes had been presented to him at bank, he thinks he would have paid them. The fair construction of this is, that he would have paid them if they had been presented without any notice that their genuineness was *contested.* Would he have paid them with notice of such a contest? He does not say, and that is the fatal omission in his statement. I was inclined to the opinion that his statement, as it stands, ought to have gone to the jury for what it was worth; but my colleagues insisted upon a stricter rule, and I do not know but that theirs is the better opinion. Proof of hand-writing is, in its nature, the identification of an acquaintance, and the lineaments should be strong enough to enable the witness to pronounce in favor of the identity, against all the opposing circumstances. If his opinion does not come up to this standard, can he be said to have an opinion àt all? He might or would think the writing to be his old acquaintance's under certain circumstances, but the question is, *does* he think so, under the circumstances as they exist when he is giving his opinion? The strength of this view is, that while the witness may have a strong or a feeble opinion, yet, he must express what amounts to an opinion one way or the other, else he furnishes nothing which can enlighten the jury. It is worthy of remark, that a large portion of the evidence on either side in this case, fails to come up to this standard.

2. But we are asked to affirm the verdict in this case by reversing the judgment granting a new trial, upon the ground that the evidence in support of it (aside from Cuyler's testimony( is so strong that a different verdict could not stand, and that it is but useless delay and expense to have a new hearing which could produce no different final result. The ground is a good one, if it were applicable to the case, but we cannot say, in the conflict of evidence which we have here, that a different verdict could not stand.

Judgment affirmed.