## GLASS & BLALOCK *vs.* COOK.

Where the charge of the Court is calculated to prevent the jury from giving to any portion of the testimony proper consideration, and the party may thereby have been injured, a new trial will be granted.

Debt, in Fayette Superior Court.    Tried before Judge BULL, at September Term, 1859.

This was an action of debt, brought by William N. Cook, executor of Hubard Cook, deceased, against William Glass, and Jesse L. Blalock, upon a promissory note for seven hundred and twenty-five dollars, payable to plaintiff, executor aforesaid, and dated 3d Nov., 1857, and due twelve months after date.

The defendants pleaded that said note was given for a negro boy about 10 years old, bought by them at the sale of the negroes belonging to the estate of Hubard Cook, deceased, made by plaintiff as his executor, and that plaintiff warranted said negro to be sound, when, in fact, said negro was unsound, and of no value, and died shortly after said purchase; that said plaintiff made said warranty, knowing at the time that the negro was unsound, and that his representations as to the boy's soundness and condition were false and untrue.

Amongst other testimony, defendant offered and read in evidence the bill of sale executed to them by plaintiff, which was as follows, viz:

GEORGIA, FAYETTE COUNTY:

Received of J. L. Blalock and William Glass, seven hundred and twenty-five dollars, in full payment for a negro boy by the name of Lawrence, about 9 years old, of dark complexion, which negro I warrant to be sound in body and mind.    Nov. 3d, 1857.

(Signed,)                          WM. N. COOK, Executor
[L. S.]                              of Hubard Cook, deceased.
DAVID D. MINN,
L. S. W. MINN, Clerk S. C.

Both parties having submitted their testimony, the presiding Judge charged the jury, who returned a verdict for the

plaintiff, for the full amount of the note and cost; whereupon, counsel for defendants moved for a new trial upon the following grounds:

1st, 2d and 3d. Because the verdict was contrary to law and the evidence, and against the weight of evidence.

4th. Because the Court erred in charging the jury, that the bill of sale was executed by plaintiff *as executor*, and did not bind him personally, and, in the opinion of the Court, the executor did not intend thereby to bind himself personally.

5th. Because the Court erred in charging the jury, that although the executor stated publicly at the time of the sale, that the negro was sound and healthy, and " *the best negro of the flock*," yet he was not liable unless it was proven that the negro was unsound at the time of sale, and that the executor knew it.

6th. Because the Court erred in ruling out that part of the answer of James Oliver, in which he deposed that he heard plaintiff say, during the sale, that if the property was not good, we are—alluding, as witness supposed, to the title and soundness of the negroes.

7th. Because of newly discovered evidence: the defendant, Blalock, swearing that since the trial, he had discovered that he could prove by several witnesses, (naming them) that plaintiff knew at the time and before the sale of said negro, that he was sickly and valueless, and that he had no knowledge of said evidence at the time of the trial, etc.

The presiding Judge overruled the motion for a new trial, holding, after consideration, that there was no error in the rulings and charge of the Court; that there was sufficient evidence to support the verdict, and that the newly discovered evidence was merely cumulative.

To which refusal counsel for defendants excepted, and assign said refusal as error.

J. M. and W. L. CALHOUN, for the plaintiffs in error.

TIDWELL and WOOTEN, *contra.*

*By the Court*—LUMPKIN, J., delivering the opinion.

We concur with the Court, that the bill of sale made by Cook, the executor, creates no personal liability upon him,

and that the only ground of defense to the note given for the boy Lawrence is the fraudulent representation as to his soundness. The proof was conclusive as to the diseased condition of the negro, at the time of the sale and previously, and the discrepancies were pretty strong to bring home a knowledge of the fact to Cook; and hence, we think the presiding Judge used too strong language in charging the jury: "That although the executor (Cook,) stated *at the sale* publicly, that the negro was sound and healthy, and the best negro of the flock, yet he was not liable, unless it was *positively* proven that the negro was unsound at the time of the sale, and the executor knew it."

Now, the unsoundness of the negro, and the knowledge of the executor, may be established by circumstances as well as by direct and positive proof. Both these points were pretty satisfactorily made out—the latter mainly on circumstantial evidence; and yet, the jury, under the instructions of the Court, might have disregarded the testimony entirely, not being *postive.* And for this cause, we feel constrained to award a new trial, and, I will add, not reluctantly, upon the facts in the record.

It is unnecessary to make any remarks upon the newly discovered evidence, as that can be procured for the next trial.