JOHN T. CRIM, plaintiff in error, *v.* STEPHEN A. SELLARS, defendant in error.

(Atlanta, June Term, 1870.)

MOTION FOR NEW TRIAL—GROUNDS—ILLEGAL VERDICT—WHAT CONSTITUTES ILLEGAL VERDICT.—A motion for a new trial was made in the Court below under the 6th Section of the 11th Article of the Constitution of 1868, on the ground that the verdict of the jury was illegal, and it appearing from the record that there was evidence on both sides in regard to the matter in controversy between the parties:

*Held,* that, according to the repeated rulings of this Court, in order to make the verdict illegal, it must have been rendered without evidence to support it, or be so strongly and decidedly against the weight of evidence as would authorize the Court to interfere and set it aside, and that as the verdict in this case does not come within that rule, it was not illegal, there being sufficient evidence in the record to sustain and support it; and that the Court did not err in refusing to grant the new trial.

Motion for new trial. Constitutional law. Before Judge Johnson. Schley Superior Court. October Term, 1869.

This case was before this Court at December Term, 1867. The Judgment was affirmed: Crim v. Sellars, 37th Georgia Reports, 324. In October, 1869, Crim's counsel produced the brief of evidence which is fully reported in 37th Georgia Reports, 324, et seq., and moved, under the 6th Section of the 11th Article of the Constitution of 1868, for a new trial

upon the ground that the verdict was strongly and decidedly against the evidence and contrary to law. The Court refused a new trial, and that is assigned as error.

M. H. Blanford, for plaintiff in error.

S. Hall, (by M. Smith,) C. B. Hudson, for defendant.

*WARNER, J.

The error assigned to the judgment of the Court below is, the overruling the motion for a new trial. The motion for a new trial was made under the provisions of the 6th Section of the 11th Article of the Constitution of 1868, on the ground, that the verdict of the jury was illegal, as being decidedly, and strongly against the weight of the evidence. According to the repeated rulings of this Court, in order to make the verdict illegal on the ground claimed by the plaintiff in error, it must have been rendered without evidence to support it, or so decidedly and strongly against the weight of the evidence, as would authorize the Court to interfere and set it aside. There being sufficient evidence in the record to support the verdict, the Court below did not err in refusing to set it aside on the ground that it was an illegal verdict.

Let the judgment of the Court below be affirmed.