Clark *vs.* Hulsey.

WARREN J. CLARK, plaintiff in error, *vs.* ELI J. HULSEY, defendant in error.

1. Where the materiality of evidence, and the object for which offered, do not appear, the exclusion thereof is no ground of new trial.

2. Where the plaintiff in ejectment sought to recover on possession alone, and the defendant set up his prior possession, and this priority of possession turned upon the fact whether a deed under which the defendant held adjoining land covered the premises in dispute, it was error for the court to instruct the jury to inquire whether the defendant had adverse possession of the premises for seven years before the bringing of the suit, and if so to find for him, otherwise for the plaintiff. This charge excluded the defendant's theory of the case, to-wit: that if his deed covered the premises in dispute then he was in constructive possession thereof when the plaintiff entered.

3. If the defendant's deed covered the land in dispute, and he was in possession of a part of the tract thereby conveyed, the law will construe his possession to extend to the boundaries of the tract.

4. If the defendant did have the prior possession of the premises in dispute, and the plaintiff entered thereon and was in actual occupancy of the same without any paper title, it was lawful for the defendant to have made a formal and peaceable entry thereon, in order to reclaim his possession as the rightful owner, provided he committed no breach of the peace.

5. If the parties, or those under whom they claim, agreed upon a certain line between their tracts, and the plaintiff acted upon that agreement and built his fense there, with the knowledge and consent of the defendant, he will not be allowed afterwards to repudiate that agreement and claim a different line, whatever may have been his legal rights independently thereof.

New trial. Practice before the Supreme Court. Ejectment. Possession. Charge of Court. Deeds. Boundaries. Land. Estoppel. Before Judge HOPKINS. DeKalb Superior Court. March Term, 1875.

This is the second time this case has been before this court. See 49 *Georgia Reports*, 99. It is sufficiently reported in the decision.

L. J. WINN; HILLYER & BROTHER, for plaintiff in error,

WILLIAM EZZARD; W. H. HULSEY, for defendant.

Clark *vs.* Hulsey.

WARNER, Chief Justice.

This was an action of ejectment brought by the plaintiff against the defendant to recover the possession of four acres of land in the county of DeKalb. On the trial of the case, the jury, under the charge of the court, found a verdict for the plaintiff. The defendant made a motion for a new trial on the several grounds set forth in the record, which was overruled by the court, and the defendant excepted.

1. We find no error in ruling out the record of the suit of Clark against Morris, offered in evidence by the defendant, the more especially as the exceptions do not state its materiality as to the questions in issue on trial, or what facts it was offered to prove.

2. It appears from the evidence in the record that the plaintiff purchased a tract of land adjoining lot number twenty-eight, and had a deed to it, with the understanding that the line of the lot extended to a certain hedge-row, which included the land in dispute. In 1866 the plaintiff took possession of the land in controversy, by his tenant, and enclosed it with a fence, but there is no evidence that the plaintiff had any paper title which covered the four acres in dispute, though he believed that his deed did cover the land to the hedge-row, that the hedge-row was the true line of the land conveyed in his deed. The defendant was the owner of the adjoining land and in possession of the same, having a deed thereto from Minter, which included a part of lot number twenty-eight, of which the premises in dispute is also a part. The defendant purchased the settlement of land on which he lived from Minter, in 1862, and went into the possession of it, and claimed to have the possession thereof to the extent of the boundary specified in his deed, though Minter states that he pointed out to him the hedge-row as the line when he sold the land to him. The defendant lived on lot number twenty-seven; that lot and part of lot number twenty-eight comprised the settlement conveyed by deed from Minter to the defendant. In 1869 the defendent entered upon and took possession of the land in

dispute without any breach of the peace, so far as the evidence in the record shows, the plaintiff's tenant being in the possession thereof at the time.   For this ouster of his tenant the plaintiff brought his action against the defendant, relying on his possession alone to recover.   The court, after charging the jury as to the plaintiff's right to recover on his prior possession alone, as against one who subsequently acquires possession of land by mere entry and without any lawful right, and in relation to color of paper title as defined by the Code, further charged the jury:  "See if, from the testimony, Clark, the defendant, had this written evidence of title which he claims; if so, whether, under that, he had adverse possession of the premises for seven years before the bringing of this suit; if so, your verdict should be for defendant, if not, then it should be for plaintiff, if his right to recover has been shown as explained to you."   This charge of the court was error, because it excluded from the consideration of the jury the defendant's theory of the case under the evidence contained in the record.   The defendant's theory of the case under the evidence was, that if his deed from Minter covered the land in dispute, then he was in the constructive possession of all the land covered by his deed to the extent of the boundary thereof, and that the plaintiff, when he took possession of the four acres, entered on *his prior* possession: See Code, section 2681. There is no doubt that a plaintiff in ejectment may recover the premises in dispute upon his prior possession alone against one who subsequently acquires possession of the land by mere entry, and without any *lawful right whatever* : Code, section 3366.   But the question in this case is, who did have the *prior* possession of the premises in dispute, in contemplation of the law, the plaintiff or defendant?

3, 4.  If the defendant's deed from Minter covered the land in dispute, and he was in possession of a part of the tract conveyed by that deed, the law will construe his possession to extend to the boundary of the tract so conveyed, and if Clark, the defendant, did have the *prior* possession of the premises in dispute, and Hulsey, the plaintiff, entered thereon, and

was in the actual occupancy of the same without any paper title, it was lawful for the defendant to have made a formal and peaceable entry thereon, in order to reclaim his possession as the rightful owner of the land, provided in doing so he did not commit a breach of the peace: 3 Bl. Com., 175. Did the defendant's deed from Minter cover the premises in dispute, and if so, was he in possession thereof, in contemplation of the law, when the plaintiff's tenant entered thereon? Was the defendant's entry upon the land in the possession of the plaintiff's tenant, without any lawful right whatever, under the evidence, so as to have authorized the plaintiff to recover against him upon *his* prior possession alone? These were questions which the court should have submitted to the jury, under the law applicable to the evidence, as to the possession of the respective parties.

5. If, however, the evidence should establish the fact that the parties, or those under whom they respectively claim, agreed that the hedge-row should be the line between their respective tracts of land, and the plaintiff acted upon that agreement and built his fence there, with the knowledge and consent of the defendant, he will not be allowed afterwards to repudiate that agreement and claim a different line from that which was established by that consent and agreement, whatever may have been his legal rights independently of such consent and agreement. We feel constrained to order a new trial in this case so that it may be tried in conformity with our views of the law as expressed in this opinion.

Let the judgment of the court below be reversed.