6528.   GAINESVILLE AND NORTHWESTERN RAILROAD COMPANY *v.*
GALLOWAY.

RUSSELL, C. J.  1.  Where error is not assigned in the main bill of exceptions, nor in this court, upon exceptions pendente lite, brought up in
the record, the questions raised by them will not be considered.

2. An exception to the refusal of the court to award a nonsuit will not be
considered where the jury has rendered a verdict against the defendant,
and he excepts to the overruling of a motion for a new trial, assigning
error upon the general grounds.

3. The plaintiff's allegation that he had been totally disabled by the injury
alleged was met by general denial of this paragraph on the part of the
defendant.  This permitted the introduction of proof of partial disability, and, there being evidence that the disability was only partial,
this contention of the defendant should have been made the subject of
proper instructions on the part of the court, even in the absence of a
request to this effect.  The law of the case must be given to the jury
to the extent of covering the substantial issues developed by the evidence.  "From an early date the Supreme Court has uniformly held
that the law of the case must be given the jury to the extent of covering the substantial issues made by the evidence, whether requested or
not, or attention be called to it or not; otherwise the verdict will be
set aside."  *Central Railroad* v. *Harris,* 76 *Ga.* 511, citing *Terry* v.
*Buffington,* 11 *Ga.* 337 (56 Am. D. 423); *Amos* v. *Amos,* 12 *Ga.* 100;
*Formby* v. *Pryor,* 15 *Ga.* 258; *White* v. *Dinkins,* 19 *Ga.* 285; *Fain* v.
*Cornett,* 25 *Ga.* 184; *Glass* v. *Cook,* 30 *Ga.* 133; *Foster* v. *Jenkins,* 30
*Ga.* 476; *Collins* v. *Collins,* 44 *Ga.* 128, 132; *Van Arsdale* v. *Joiner,* 44
*Ga.* 173; *Schofield* v. *McNaught,* 52 *Ga.* 69; *Evans* v. *Arnold,* 52 *Ga.*
170; *Bryson* v. *Chisholm,* 56 *Ga.* 596; *Clark* v. *Hulsey,* 54 *Ga.* 608;
*Wylly* v. *Gazan,* 69 *Ga.* 506, 510.

4. Where evidence is admitted without objection, although there be no
allegation in the declaration authorizing it, the court may properly
charge the jury as to its legal effect, and where a party permits evidence to go to the jury without objection, and the jury find on such
evidence, the losing party is not entitled to a new trial on the ground
that the evidence does not correspond with the declaration, if the
declaration could, by amendment, have been made to cover the evidence.
*Ga. Railroad* v. *Lawrence,* 74 *Ga.* 534; *Central Ry. Co.* v. *Attaway,* 90
*Ga.* 656-659.  "Although the pleadings may not present the whole issue,
yet if it be fully made by the evidence without objection, it is too late,
after verdict for the losing party, to make that the ground of a motion
for a new trial."  *Howard* v. *Barrett,* 52 *Ga.* 15.  See also *Seabrook* v.
*Brady,* 47 *Ga.* 651, 659; *Savannah, Florida & Western Ry. Co.* v.
*Barber,* 71 *Ga.* 644, 648; *Savannah &c. Railway* v. *Grogan,* 117 *Ga.* 461·
(43 S. E. 701); *Haiman* v. *Moses,* 39 *Ga.* 708; *Field* v. *Martin,* 49 *Ga.*
268, 271; *M. E. Church* v. *Dudley Co.,* 137 *Ga.* 68 (6), 69 (72 S. E.
480); *Artope* v. *Goodall,* 53 *Ga.* 318, 323.  These rulings are based
upon the principle that if objection were made to the testimony upon

the ground that it was not authorized by the pleadings, the pleadings might have been so amended as to authorize the introduction of the testimony.

5. The errors in the instructions upon the measure of damages must be treated as immaterial, since there is no specific complaint that the amount returned by the jury was too large. Where there is no complaint of excess of damages, it is immaterial what measured them. *Central Railroad* v. *Harris*, 76 *Ga.* 501 (2), 512; *Southern Ry.* v. *Horner*, 115 *Ga.* 381 (3) (41 S. E. 649); *Gainesville Midland R. Co.* v. *Jackson*, 1 *Ga. App.* 632, 635 (57 S. E. 1007).

6. For the reasons stated above, in paragraph 3, the trial judge erred in overruling the motion for a new trial.            *Judgment reversed.*

DECIDED FEBRUARY 25, 1916.

ON REHEARING, ADHERED TO, MARCH 4, 1916.

Action for damages; from city court of Hall county—Judge Wheeler. March 20, 1915.

*H. H. Dean,* for plaintiff in error.

*H. H. Perry, W. A. Charters, Hammond Johnson,* contra.