## JOHNSON v. MARY-LEILA COTTON MILLS.

1. Permissive possession can not be the foundation of a prescription, until an adverse claim and notice to the other party. Civil Code, § 4164. Adjacent owners may be in constructive possession of the same land, being included in the boundaries of each tract. In such cases no prescription can arise in favor of either. Civil Code, § 4166.

2. Boundary lines as between coterminous or adjacent owners of land may be established or changed by mutual agreement between such adjoining landowners; and even though such agreement rests only in parol, it is irrevocable.

3. No error of law is assigned on rulings on the pleadings or the evidence, or on the charge of the court; the motion for a new trial is based solely upon the general grounds; and there being evidence to authorize the finding of the jury, the lower court did not err in refusing a new trial.

No. 3355. MARCH 15, 1923.

Complaint for land. Before F. B. Shipp, judge pro hac vice. Greene superior court. June 20, 1922.

*John S. Callaway, W. H. Fisher,* and *Miles W. Lewis,* for plaintiff.

*Noel P. Park* and *J. G. Faust,* for defendant.

RUSSELL, C. J. This is a complaint for land, brought in the statutory form to recover a portion of a lot in the City of Greensboro. The plaintiff claimed title by inheritance as the sole heir at law of his wife, who was Emma Baugh, and who held under a deed of gift from her father, Phillip Baugh. The defendant claimed under deed from R. L. Caldwell and J. G. Faust, who had obtained deed from Mrs. A. V. Palmer, the widow and one of the heirs of John C. Palmer, deceased, and to whom all of the children of herself and John C. Palmer had executed a deed. The jury found a verdict in favor of the defendant, and the exception here is to the overruling of a motion for new trial, based only upon the general grounds.

It is well settled, of course, that this court will not undertake to adjudicate or determine contested issues of fact; and since no error of law is assigned, the question in this case resolves itself into a single inquiry, to wit: whether the evidence in favor of the party who prevailed in the lower court is so insufficient as that for lack of evidence the verdict is contrary to law. It is plain from a careful review of the testimony that the only point in controversy is as to the location of a dividing line, each of the

present owners, as were their predecessors in title, being co-terminous landowners. It is well settled that boundary lines may be established by agreement between the owners of adjoining lands. *Hart* v. *Carter,* 150 *Ga.* 289 (103 S. E. 457) ; *Farr* v. *Woolfolk,* 118 *Ga.* 277 (45 S. E. 230). And lines as between the owners of adjoining lands may be established by parol agreement. *Barfield* v. *Birrick,* 151 *Ga.* 621 (108 S. E. 43). Such an agreement is not within the statute of frauds, because it does not operate as a conveyance of land, but merely as an agreement as to what has been conveyed. And such agreement is irrevocable. *Clark* v. *Hulsey,* 54 *Ga.* 608. Of course we bear in mind that no prescription arises as between coterminous or adjoining landowners until an adverse claim and notice. Civil Code, § 4164. The case of the defendant in the lower court was not obliged to rest upon prescription (although it was alleged that the defendant and those under whom it claimed had been in possession of the land for more than forty years), because there is evidence of an agreed boundary line between John C. Palmer, under whom the defendant claims, and Phillip Baugh, from whom the plaintiff derived title. This is found in the direct testimony of two witnesses. It is true that the testimony fails to show the time, place, and circumstances under which the precise agreement, if any, was made. But there is sufficient evidence to authorize the conclusion that there was such an agreement. There was hot conflict in the evidence as to this issue, and the shades of Ananias and Sapphira were invoked and their fate held out as a warning. This may or may not have had weight with the jury. In any event, the jury are better judges of the probative value of this, as well as other testimony, than we can be. The subject-matter of the facts is within their jurisdiction, and not in ours. And while the plaintiff denied there had been any agreement changing the original lines, and while he asserted that in the lifetime of John C. Palmer he had continually protested against the use of his land by the latter, the fact that he allowed Palmer to build a house in his sight on his land and to collect the rent thereof for many years without any further action, as well as the fact that he did not deny the statement of R. L. Palmer, a son of the deceased, who for a long time collected the rents after his father's death and who swore that Johnson had never said a word to him about claiming any interest in

the land upon which the house was built, we think furnished an additional reason why the verdict reached by the jury can not be said to be contrary to law. *Camp* v. *Cochrane, 71 Ga.* 865. See also *Clark* v. *Hulsey,* supra.

The verdict not being contrary to law either for lack of evidence or because it is contrary to the evidence, the motion for a new trial was properly overruled.

*Judgment affirmed. All the Justices concur.*

ATKINSON, J. I concur in the result, but not in all that is said. The exception is to a judgment overruling the plaintiff's motion for a new trial, based on the usual general grounds. There was sufficient evidence to support the verdict.