13957.   SOUTHERN LUMBER COMPANY *v.* EDWARDS.

JENKINS, P. J. In *Sullivan* v. *Curling,* 149 *Ga.* 96 (99 S. E. 535, 5 A. L. R. 124), former decisions of the Supreme Court, including the case of *Allen* v. *Macon, Dublin &c. R. Co.,* 107 *Ga.* 838 (3) (33 S. E. 696), were considered and dealt with, and it was there held that since the adoption of the Code of 1895 " a chose in action arising from a tort is assignable where it involves, directly or indirectly, a right of property." This rule, as is intimated in the *Sullivan* case (p. 98) and in what is there said with reference to the *Allen* case, includes an assignment of a chose in action involving damage to realty.

2. While it is true that " no plaintiff can recover upon a cause of action, however just or well sustained by proof, which is totally distinct and different from that alleged in his declaration, and this is so although palpably irrelevant evidence may have been received without objection" (*Cen. R. Co.* v. *Cooper,* 95 *Ga.* 406, 407, 22 S. E. 549; *Burdette* v. *Crawford,* 125 *Ga.* 577, 54 S. E. 677; *Napier* v. *Strong,* 19 *Ga. App.* 401 (2), 405, 87 S. E. 1093), a different rule (though qualified with reference to allegations of negligence) applies where the evidence admitted without objection, although subject to rejection on the theory that it did not conform to the pleading, related to the same cause of action, and could have been rendered admissible by an amendment thereto. *Gainesville &c. R. Co.* v. *Galloway,* 17 *Ga. App.* 702 (4) (87 S. E. 1093).

3. In the instant case the essential wrong complained of was an alleged injury to described realty. From the evidence it appears that a portion of the injury for which damages were asked may have been perpetrated just prior to the date on which the plaintiff acquired title to the realty. The transfer to the plaintiff of his predecessor in title of the chose in action involving all claim by the former owner to the damages here sued for having been admitted in evidence without objection, and relating as it does to the same wrong, its admission in evidence and the court's charge with reference thereto do not authorize this court to set aside the verdict and judgment.

3. There were facts and circumstances in evidence which raised an issue as to whether the actual trespass was committed by an independent contractor or by the agents and ·servants of the defendant, and this issue was properly submitted by the court. Moreover, even if the jury should have found that the tort was actually committed by an independent contractor, there was evidence such as would have authorized a finding that the defendant ratified the unauthorized wrong and accepted benefits thereunder. Civil Code (1910), § 4415 (6).

> *Judgment affirmed. Stephens and Bell, JJ., concur.*
> DECIDED APRIL 18, 1923.

Action for trespass; from Bryan superior court — Judge Sheppard. August 16, 1922.

*J. P. Dukes,* for plaintiff in error.

*Seabrook & Kennedy,* contra.