### 20496. JACKSON v. MULLINO et al.

MOBLEY, Justice. This is an action in ejectment, brought in the fictitious form, which involves the location of the boundary line between two coterminous land lots in the city of Savannah. The plaintiff alleged that she and her late husband purchased the lot in question on October 20, 1950, and that in July, 1953, the defendants, who own the lot adjacent to the plaintiff's lot on the east, ousted her from a strip of land 5.26 feet wide at the northern end and 6.17 feet wide at the southern end and extending from East 38th Street on the south to the northern end of the two lots, a distance of 89.25

feet. According to the testimony, the ouster consisted of the destruction of a wooden fence located on the boundary line and the replacement thereof with a concrete-block fence west of the alleged boundary line and extending from the northeast corner of the plaintiff's house to the northern, or rear, boundary line of her lot. She further alleged in her petition that she and her predecessors in title had been in possession of the strip of land, between the line on which the wooden fence stood and the concrete block fence built by the defendants, under color of title for more than seven years prior to the construction of the concrete-block fence. The defendants entered a plea of not guilty; and, after the introduction of evidence by both parties, the jury rendered a verdict for the defendants. The court denied the plaintiff's motion for new trial on the general grounds, and exception is to that judgment. *Held:*

The evidence offered by the plaintiff was that she and her predecessors in title had been in possession of the strip of land in controversy for more than seven years under color of title and until 1953, when the defendants tore down the wooden fence which was on the line and replaced it with a concrete-block fence five or six feet west of the original wooden fence and the boundary line. The evidence offered by the defendants was that they purchased the lot adjacent to the plaintiff's lot in 1952, and replaced the wooden fence on the boundary line between the back part of the two lots with a concrete-block fence in 1953, and that the new fence was built on the same line on which the old fence had stood. The jury accepted the defendants' version of the evidence; and, since there is evidence to support the verdict, this court will not interfere therewith. See *Johnson* v. *Mary-Leila Cotton Mills*, 155 *Ga.* 344 (3) (116 S. E. 609), an ejectment case in which the jury returned a verdict for the defendant, and in which it was stated: "No error of law is assigned on rulings on the pleadings or the evidence, or on the charge of the court; the motion for a new trial is based solely upon the general grounds; and there being evidence to authorize the finding of the jury, the lower court did not err in refusing a new trial." In *Stevens* v. *Middlebrooks*, 77 *Ga.* 81, it was held: "There is some evidence to support the verdict; and where such is the case, the judgment of the court below refusing a new trial, on the ground that the verdict is contrary

to law and evidence, will not be disturbed by this court." See also *Crim* v. *Sellars*, 41 *Ga.* 94, and *Braswell* v. *Federal Land Bank of Columbia*, 169 *Ga.* 235 (3) (149 S. E. 785). The trial court did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 8, 1959—DECIDED JULY 8, 1959— REHEARING DENIED JULY 23, 1959.

*Lewis L. Scott*, for plaintiff in error.
*John F. M. Ranitz, Jr., Pierce, Ranitz & Lee*, contra.