Hayden, Guardenier & Company v. Burney.

1. The amendment to the declaration being an expansion and amplification of the same cause of action, briefly and meagerly indicated by the original declaration, was allowable.
2. The charge of the court as to the right of the plaintiff to be put *in statu quo* was not applicable to the facts of the case, and the verdict of the jury was contrary to the evidence, and without evidence to support it.                     *Judgment reversed.*

August 1, 1892.

Amendment.   Contract.   Charge of court.   Verdict. Before Judge Meyerhardt.   City court of Floyd county. September term, 1891.

Burney commenced suit against the plaintiffs in error by attachment. His declaration alleged that they are indebted to him $500 as damages for breach of contract for services rendered them by him in the employment of salesmen for them. By amendment he alleged as follows: The defendants are indebted to him in the sum named, for damages growing out of a breach of a contract made by them with him in 1889, or early part of 1890, whereby he was to employ salesmen for them in the Southern States. In view of the fact that he was an experienced shoe man and was familiar with the southern trade and territory, they contracted with and employed him to control and manage their southern trade, to employ salesmen in the Southern States, assist such salesmen in getting acquainted with their territory, etc., for which service he was to be paid by defendants one per centum on all sales made by salesmen employed by him. Under this verbal contract the relation above described was to continue for at least one year, and as much longer as might be mutually agreeable. Acting under this agreement he employed five men for defendants, who were furnished with samples and went on the road in the south as travelling salesmen for them, and travelled as such during the first part of 1890, and for that time or what is known as the spring season, plaintiff was paid one per cent. on the gross sales made by men employed by him as per contract, but before the expiration of the year and at the beginning of the second season thereof, when his men were getting familiar with their territory and when the business was beginning to become profitable to him, the defendants without sufficient cause withdrew from and severed the contract, and declined to pay him his commission thereafter on sales made by men employed by him. On account of this breach of the contract he is damaged $500, for that the defendants have continued in their employment as traveling sales-

men in the south, at least three of the men originally employed by him, and on whose sales he is entitled to a commission of one per cent. for the balance of the year for which the contract between him and defendant was to run. He is entitled to $200 commissions on sales made by H. A. Patillo; $200 commissions on sales made by J. M. Ellison, and $100 commissions on sales made by Pinson, all of whom were salesmen for defendant under employment made by plaintiff under the contract, which sums would have been due and payable to plaintiff but for the breach of contract, as above set forth. This amendment was allowed over objection that the original declaration was not sufficient to amend by, the same not setting out a sufficient cause of action, and that no contract being set out no breach could be sued for. This ruling is assigned as error.

The defendants pleaded the general issue, and that the contract sued on was not to be performed within a year from the making of it. On September 18, 1891, the jury found for the plaintiff $80 with interest from April 3, 1891. A new trial was denied, and the defendants excepted. The first ground for a new trial is, that the verdict is contrary to law and evidence, because the evidence nowhere showed that the defendants owed the plaintiff $80, or that they owed him any interest.

The court charged: "If you find from the evidence that the contract between the plaintiff and the defendant was not made to extend or run through any definite length of time, or for any fixed period, then it was such a contract as either party might terminate at pleasure; but the plaintiff would have a right to be put *in statu quo* at the termination of the contract by the defendant. This is, if he had made contracts with other people based upon his contract with the defendants, he, the plaintiff, must be compensated or reimbursed for whatever loss he may have sustained by reason of such con-

tract made with the third parties. That is, he must be protected from any loss to himself arising out of the termination of the contract by the defendants, if such contract was so terminated." This charge is assigned as error because there was nothing in the evidence or the pleadings justifying the giving of the latter clause of it, pertaining to the *status quo* of the plaintiff. It is further complained that the verdict is contrary to the charge just quoted, in that the evidence showed that the contract had no definite time to run and therefore could be terminated at the pleasure of the defendants; that they did terminate it in August, 1890, and paid the plaintiff all that was then due him, and because further, it did not appear that the plaintiff made any contract with other parties by which he was injured or damaged, and therefore the defendants owe him nothing to put him *in statu quo.*

DEAN & SMITH, for plaintiffs in error.
MCHENRY, NUNNALLY & NEEL, *contra.*