HERMAN BROWER AND ANOTHER, RESPONDENTS, v. NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

Submitted July 9, 1917—Decided March 4, 1918.

As a result of a grade crossing collision a horse was killed, a wagon destroyed and the contents of the wagon scattered and probably stolen by people at the scene of the accident; the driver who was alone in charge for the plaintiff was so stunned that he was found in a fit immediately after the accident. *Held*, that it was permissible for a jury to find that the collision was the proximate cause of the loss of the contents of the wagon.

---

On appeal from the Hudson County Circuit Court.

For the respondents, *Clarence Kelsey.*

For the appellant, *Vredenburgh, Wall & Carey.*

The opinion of the court was delivered by

SWAYZE, J. This is a case of a grade-crossing collision. We are clear that the questions of negligence and contributory negligence were for the jury. If there were nothing else, the testimony of the plaintiff as to signals of the flagman would carry the case to the jury. The only question that has caused us difficulty is that of the extent of the defendant's liability. The complaint avers that the horse was killed, the wagon and harness, and the cider and barrels with which the wagon was loaded, were destroyed. What happened was that as a result of the collision, aside from the death of the horse and the destruction of the wagon, the contents of the wagon, consisting of empty barrels and a keg of cider, were scattered and probably stolen by people at the scene of the accident. The driver, who was alone in charge for the plaintiff, was so stunned that one of the railroad detectives found him immediately after the collision in a fit. There were two railroad detectives on the freight train to protect the property it was carrying against thieves, but they did nothing to protect the plaintiff's property. The controversy on the question of damages is as to the right of the plaintiff to recover the value of the barrels, cider and blanket. An objection was based solely on the ground that the complaint alleged that they were destroyed; counsel said "there is no use proving value unless they were destroyed." We think that if they were taken by thieves, they were destroyed as far as was important to the case; at least the averment was sufficient to justify the evidence and the charge, since the case was fully tried. It is now argued that the defendant's negligence was not in any event the proximate cause of the loss of this property since the act of the thieves intervened. The rule of law which exempts the one guilty of the original negligence from damage due to an intervening cause is well settled. The difficulty lies in the application. Like the question of proximate cause, this is ordinarily a jury question. *Milwaukee, &c., Railway Co. v. Kellogg*, 94 *U. S.* 469 (at *p.* 475) ; *Delaware, Lackawanna and Western Railroad Co. v. Salmon*, 39 *N. J. L.* 299. In his opinion in the last-named case, Justice Depue,

speaking for this court, says that the cases in which the responsibility is laid on the original wrongdoer, though intervening agencies without his fault have interposed are quite numerous, and he adds that they are only instances of the application of the principle of *Scott* v. *Shepherd,* 2 *W. Bl.* 892. He refers to a number of cases by way of illustration. We have recently held that a recovery can be had although death resulted from overexertion by the decedent herself before she had completely recovered from the result of the accident. *Batton* v. *Public Service Corporation of New Jersey,* 75 *N. J. L.* 857.

A more recent English case than those cited by Justice Depue in the Salmon case is *Englehart* v. *Farrant & Co.* 1897, 1 *Q. B.* 240. There the defendant employed a man to drive a cart, with instructions not to leave it; a lad seventeen years old for whose acts it was held the defendant was not responsible, went along to deliver parcels to defendant's customers. The driver left the cart and went into a house; during his absence the lad drove on and came into collision with plaintiff's carriage. It was held that the negligence of the driver in leaving the cart was the effective cause of the damage and that the defendant was liable. Lord Esher said: "If a stranger interferes it does not follow that the defendant is liable; but equally it does not follow that because a stranger interferes the defendant is not liable if the negligence of a servant of his is an effective cause of the accident."

In a later Massachusetts case the defendant was held not liable where it had allowed a platform to become saturated with oil and fire resulted to the plaintiff's damage by a stranger throwing a match on the ground underneath the platform. *Stone* v. *Boston & Albany Railroad Co.* (*Mass.*), 51 *N. E. Rep.* 1. The opinion contains an abundant citation of authorities on both sides of the line of cleavage.

In a still more recent case the defendant was held liable, although the damage complained of could not have occurred without the act of a third party at least six months after the injury. The damage complained of was the premature birth and death of a child which it was held might be found to

have been caused by an injury fifteen months before. The court said: "The perpetuation of the human race cannot be termed a voluntary act, but it rests upon instincts and desires, which are fundamentally imperative." *Sullivan* v. *Old Colony Street Railway Co.* (*Mass.*), 83 *N. E. Rep.* 1091.

We think these authorities justified the trial judge in his rulings as to the recovery of the value of the barrels, cider and blanket. The negligence which caused the collision resulted immediately in such a condition of the driver of the wagon that he was no longer able to protect his employer's property; the natural and probable result of his enforced abandonment of it in the street of a large city was its disappearance; and the wrongdoer cannot escape making reparation for the loss caused by depriving the plaintiff of the protection which the presence of the driver in his right senses would have afforded. "The act of a third person," said the Supreme Court of Massachusetts, "intervening and contributing a condition necessary to the injurious effect of the original negligence, will not excuse the first wrongdoer, if such act ought to have been foreseen." *Lane* v. *Atlantic Works,* 111 *Mass.* 136. A railroad company which found it necessary or desirable to have its freight train guarded by two detectives against thieves is surely chargeable with knowledge that portable property left without a guard was likely to be made off with. Again, strictly speaking, the act of the thieves did not intervene between defendant's negligence and the plaintiff's loss; the two causes were to all practical intent simultaneous and concurrent; it is rather a case of a joint tort than an intervening cause. Lord Cairne dwelt on the importance of the different acts having occurred or been done continuously. *Sneesby* v. *Lancashire and Yorkshire Railway Co., L.·R.,* 1 *Q. B. D.* 42, 44. An illustration will perhaps clarify the case. Suppose a fruit vendor at his stand along the street is rendered unconscious by the negligence of the defendant, who disappears, and boys in the street appropriate the unfortunate vendor's stock in trade; could the defendant escape liability for their value? We can hardly imagine a court answering in the affirmative. Yet the case

is but little more extreme than the jury might have found the present case.

The judgment is affirmed, with costs.

GARRISON, J. (dissenting). The collision afforded an opportunity for theft of which a thief took advantage, but I cannot agree that the collision was therefore the proximate cause of loss of the stolen articles. Proximate cause imports unbroken continuity between cause and effect, which, both in law and in logic, is broken by the active intervention of an independent criminal actor. This established rule of law is defeated if proximate cause be confounded with mere opportunity for crime. A maladjusted switch may be the proximate cause of the death of a passenger who was killed by the derailment of the train, or by the fire or collision that ensued, but it is not the proximate cause of the death of a passenger who was murdered by a bandit who boarded the train because of the opportunity afforded by its derailment. This clear distinction is not met by saying that criminal intervention should be foreseen, for this implies that crime is to be presumed and the law is directly otherwise.

There should be a new trial upon the question of damages, to which end the judgment should be reversed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, MINTURN, HEPPENHEIMER, TAYLOR. GARDNER, JJ. 7.

*For reversal*—GARRISON, TRENCHARD, PARKER. BERGEN, WILLIAMS, JJ. 5.