22313.   COLUMBIA FIRE INSURANCE COMPANY OF
DAYTON, OHIO, *v*. TATUM.

DECIDED FEBRUARY 17, 1933. REHEARING DENIED MARCH 1, 1933.

*Smith, Hammond, Smith & Bloodworth, Wheeler & Kenyon,* for plaintiff in error.

*W. V. Lance, Frank B. Stow,* contra.

GUERRY, J. Grady Tatum brought suit against Columbia Fire Insurance Company on a policy of insurance, claiming a loss thereunder. The petition alleged a full compliance with all the terms of the policy. On the trial the evidence introduced by the plaintiff disclosed a waiver both as to the fee-simple-title clause and as to the giving of notice. No objection was interposed to the introduction of this evidence. At the conclusion of the plaintiff's case the

defendant made a motion for a nonsuit, on the ground that the petition alleged compliance with the terms of the policy rather than a reason for noncompliance, and the evidence did not show or tend to show compliance with the policy, but showed an alleged waiver or reason for noncompliance. The court overruled the motion for nonsuit, and thereupon the defendant announced that it did not desire to go forward. On motion of the plaintiff the court directed a verdict in his favor, and the defendant moved for a new trial, alleging that the verdict was not authorized by the evidence, and complaining also of the refusal to grant a nonsuit. The motion for a new trial was overruled and the movant excepted.

Headnotes 1 and 2 need no elaboration.

It is unquestionably true that where a petition alleges a full compliance with the terms of a policy rather than a reason for noncompliance, and there is no proof as to such compliance, there would be no error in granting a nonsuit, and this court is of the opinion that it would not have been error for the court below to have granted the motion made by the defendant company for a nonsuit. This was not done, however, and the matter proceeded to a verdict. "An exception to the refusal to award a nonsuit will not be considered where the jury has rendered a verdict against the defendant and exception is taken to the refusal to grant a new trial on the ground that the verdict was not supported by the evidence." *Henderson* v. *Maysville Guano Co.,* 15 *Ga. App.* 69 (82 S. E. 588) ; *Buchanan* v. *James,* 134 *Ga.* 475 (68 S. E. 72) ; *Rubin* v. *Hardin,* 173 *Ga.* 127 (159 S. E. 711) ; *Atlantic Coast Line R. Co.* v. *Blalock,* 8 *Ga. App.* 44 (68 S. E. 443). Numerous other authorities might be cited in support of this principle. In the case of *Gunn* v. *Wilson Co.,* 20 *Ga. App.* 14 (92 S. E. 721), this court said: "Even if the motion for a nonsuit should have been sustained at the time it was made, and was therefore erroneously overruled, nevertheless, if the subsequent testimony cured the deficiency in the plaintiff's proof the judgment would not be reversed merely because the court refused to grant the nonsuit. On the other hand, if the deficiency in the plaintiff's case was not cured by the subsequent testimony a verdict in favor of the plaintiff would be without evidence to support it, and upon that ground would be set aside." In this case there was no subsequent testimony; and we then come to consider whether or not the case as proved supported the verdict in favor of the plaintiff,

and in considering this we should apply this principle: "Where evidence is admitted without objection which could have been rejected as not conforming to the allegations as laid, but in fact related to the cause of action declared on; in such a case our courts have repeatedly held that a party waives his objection to the pleadings by allowing such evidence to go to the jury without objection; the reason for this just rule in such a case evidently being that had objection been made, the party tendering such evidence might have amended his pleadings so as to conform thereto. One of the principle functions of amendments is to conserve this right." *Napier* v. *Strong*, 19 *Ga. App.* 401 (91 S. E. 579); *Haiman* v. *Moses*, 39 *Ga.* 708; *Savannah, Florida & Western Ry. Co.* v. *Barber*, 71 *Ga.* 644; *Gainesville &c. R. Co.* v. *Galloway*, 17 *Ga. App.* 702 (87 S. E. 1093); *Kelly* v. *Strouse*, 116 *Ga.* 889; *Central Railroad & Banking Co.* v. *Attaway*, 90 *Ga.* 656, 660 (16 S. E. 956).

The evidence of the plaintiff that he told the agent of the company at the time of the issuance of the policy, "I bought the property from Mr. Terrell and owed him $800 on it. . . I still owe Mr. Terrell $600 on it," was a sufficient notice to the company that the fee-simple title to the property was not in the insured. By common practice and all reasonable inferences such a statement is notice that the party making it does not own the fee-simple title.

*Judgment affirmed. MacIntyre, J., concurs. Broyles, C. J., dissents.*