## 27506. ASPHALT PRODUCTS COMPANY *v.* WRIGHT.

DECIDED MAY 12, 1939.

*Roy S. Drennan, Roland Neeson,* for plaintiff in error.
*George & John L. Westmoreland,* contra.

FELTON, J. James Wright, by next friend, brought an action for personal injuries against Asphalt Products Company, alleging in substance that the defendant operated a fleet of trucks; that on the day of the injury complained of one of these trucks, operated by Hoyt Shiflett, was being used by him in and about the business of defendant; that Simpson Street and Techwood Drive are public streets in the City of Atlanta, and at their point of intersection are

busy thoroughfares, especially at about 2:45 p. m.; that about 2:45 p. m. Hoyt Shiflett was driving the truck of the defendant in a westerly direction along Simpson Street at a rapid and reckless rate of speed of forty-five miles per hour, in violation of State law; that he came to and crossed the intersection of Techwood Drive with Simpson Street, and ran upon plaintiff, a minor of eleven years, who was crossing Simpson Street from the northwest corner of its intersection with Techwood Drive, and was going toward the southwest corner; that although Shiflett saw or in the exercise of ordinary care should have seen the plaintiff crossing said intersection, he failed to apply the brakes of the truck, or bring the truck to a stop to avoid striking plaintiff, and failed to keep a sharp lookout in the direction in which he was driving, and failed to give any signal of his approach; that plaintiff sustained certain named injuries; that the plaintiff, a child of eleven years, was incapable of contributory negligence; that he was free from fault or blame; that his injuries were caused solely and proximately by the negligence of the defendant's driver; and that the defendant was negligent in the following particulars: (a) In operating the truck at the rapid and reckless rate of speed aforesaid, in violation of State law. (b) In that the driver of the truck failed to keep a sharp lookout in the direction in which he was traveling. (c) In that the driver of the truck failed to give the plaintiff any warning of his rapid and reckless approach. (d) That although he saw or in the exercise of ordinary care should have seen the plaintiff crossing at said place, he failed to slacken the speed or bring his truck to a stop before striking him. (e) In running over the plaintiff. It was stipulated by counsel that the truck involved belonged to the defendant; and that the driver was the agent and servant of the defendant at the time of the accident, and on business for the defendant.

The plaintiff testified, that he was thirteen years old; that on the day in question he went on a bicycle to Rogers Store at 3:30 p. m.; that he was sent for chicken-feed; that he got the feed and got on his wheel with the feed in his hand; that he was going up Simpson Street toward the right side; that he had got about a half a foot before this truck struck him; that he did not see the truck, nor did he hear any signal of its approach; that when he got on his bicycle there were no trucks or cars there; that there was

something on the Luckie Street side; that there was not anything on the street.

J. E. Sims testified, that he was an officer of the City of Atlanta; that he was called to investigate the accident in question, and went out and had a conversation with the driver of the truck; that the bicycle, boy, and truck had been moved when he got there; that he asked the driver of the truck what was the matter with his brakes; that the driver said that the brakes were all right, but that he had been looking at an acetylene torch, and his eyes were affected and went blank, and he did not see the child until he had hit him; that the witness took the driver of the truck to the police station, and then to Grady Hospital to have his eyes examined; and that a case was made against the driver, which was dismissed for want of prosecution.

The testimony for the defendant was to the effect that the truck had passed the intersection of the two streets, that it was proceeding up Simpson Street about 15 miles per hour; that the driver of the truck saw the boy on the bicycle leave the curb, and followed him some distance up Simpson Street when the boy suddenly turned to the left in front of the truck; that the truck went to the curb on the left to avoid the collision; that the boy ran into the side of the truck; and that the driver of the truck did not blow his horn or give any warning that he was back of the boy on the bicycle, nor did he put on his brakes. The driver testified that he had had the tank of his truck repaired with an acetylene torch that morning, but that he had not looked at it.

The jury returned a verdict for the plaintiff. The defendant excepted to the overruling of its motion for new trial.

1. It is contended in the motion for new trial that the verdict should not be allowed to stand, because there is a variance in the allegation that the accident took place at an intersection, and the proof shows that it took place some distance from the intersection. The evidence showing the accident was offered, and there was no objection. We think that any defect in the pleadings was cured by the verdict, since we are of the opinion that, had objection been made, the plaintiff could have amended his petition without setting forth a new cause of action. The evidence offered dealt with the same transaction, and the law applicable to each location was the same under the allegations of the petition in this

case. *Georgia Railway & Electric Co.* v. *Reeves,* 123 *Ga.* 697 (51 S. E. 610) ; *Columbia Fire Insurance Co.* v. *Tatum,* 46 *Ga. App.* 475 (4) (167 S. E. 911).

2. Ground 2 of the motion is to the effect that the verdict should not be allowed to stand, because it is alleged in the petition that the plaintiff was free from fault, and the evidence shows that he was not free from fault. There is no merit in this ground, because the court correctly charged the jury as to the degree of care required by the parties, and it was for the jury to say what was the proximate cause of the accident.

3. Ground 3 is without merit. It is contended that the occurrence wherein the plaintiff was injured was an accident, and that the defendant was not guilty of any negligence; and that even if the defendant was negligent, the plaintiff could have avoided the consequences thereof by the exercise of ordinary care. The court correctly charged the law with reference to the degrees of care required of each party, and it was a question for the jury as to what was the proximate cause of the accident, and to say who, if any one, was guilty of negligence.

4. Grounds 4, 6, 7, 8, and 9 are based on alleged variance between the allegata and the probata, and are without merit as shown above.

5. Ground 5 is without merit, because it was not error for the court, in the absence of a request, to fail to charge that it was the duty of the jury to make all the witnesses speak the truth, and to so reconcile their testimony as to impute perjury to none of them.

6. There was no error in the charge of the court, for any of the reasons assigned.

7. The evidence, while conflicting in parts, was sufficient to support the verdict, especially in view of the admission of the driver of the truck to the policeman that he was unable to see at the time of the accident. The verdict, having the approval of the trial judge, will not be disturbed.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*