38385.   HARVEY *et al.* v. DEWEILL.

Decided September 20, 1960.

*Gowen, Conyers, Fendig & Dickey,* for plaintiff in error.
*Adams & Mattox, John D. Mattox,* contra.

BELL, Judge. ■ The bill of exceptions assigns as one error the trial court's overruling of the motion for judgment non obstante veredicto. "As we understand the opinion in the case of *Southern Bell Tel. & Tel. Co. v. Brackin,* 215 Ga. 225 (109 S. E. 2d 782), the Supreme Court held in substance that the purpose of the provision for judgments notwithstanding verdicts is to bring an end to litigation where under the pleadings and evidence the verdict for the party moving for such a judgment is demanded as a matter of law." *Quaker City Life Ins. Co. v. Sutson,* 102 Ga. App. 53 (115 S. E. 2d 699). We turn, then, for initial consideration to the petition, and particularly to its specifications of negligence. These specifications are eight in number, and are as follows:

"(1) that the said motel opens onto a courtyard in such a manner that entrance to all of the rooms is left exposed to entry by all persons; (2) that the entrance door was equipped with only a flimsy and frail night lock; (3) that said room had no other lock, bolt, chain, or other safety device; (4) that the 14-year-old negro porter had a fully developed body but the mind of a 10-year-old child; (5) that the defendants did not

have a night watchman stationed in and about the premises; (6) that the defendant C. W. Harvey and other servants, agents and employees heard the plaintiff's cries for help but failed to come to her assistance; (7) that the defendants were under legal duty to provide plaintiff with a reasonably safe place of repose"; and finally "(8) that the defendants were negligent in furnishing to a 14-year-old boy whose body was fully developed but whose mind was equal to that of a 10-year-old child, a key to the bedroom which defendants had rented to the plaintiff for her occupancy."

We consider these in order: As to the first charge of negligence, we do not accept as a sound or accurate principle of law that it is negligence for a motel to have the entrances to the rooms opening onto a courtyard. It is a matter of common knowledge that motels usually have such entrances. Neither can we accept as a sound theory of law that there is any duty to have the motel fenced or otherwise enclosed.

The second charge was that the entrance door had a "flimsy and frail night lock," and the third one alleges that there was no other lock, bolt, chain, or other safety device. As a general principle of law, we do not consider it necessary for a motel or hotel to furnish more than one inside door lock. One lock is sufficient to fulfill the required duty. But, despite this view, we must add that the evidence does not reveal that the entry into the room was made by the means of forcing the door or lock. Neither is there any evidence in the record which shows that the lock was "flimsy and frail." The testimony does not reveal that there was any damage to the door or that the lock had been in any way opened. Further, the plaintiff's petition charges that the porter was furnished a key, but here again there was no evidence that the culprit had a key. The hearsay testimony of two witnesses indicated that the porter entered the door which he, himself, had left open so that he might re-enter, but this was contradicted by the testimony of the plaintiff herself, who stated she locked the door. Neither can we accept as a matter of law that it was negligence for the motel not to have more than one lock on the inside of the door, for there is no evidence in this case to show that one, two, or three locks would have prevented the entry of the assailant into the room.

The fourth allegation of negligence that the 14-year-old negro porter had a fully developed body but the mind of a 10-year-old child is not proved by any of the evidence in the record, nor do we think it would constitute a charge of actionable negligence. It is a matter of common social knowledge that many of our citizens, both white and black, have effective minds below their calendar ages. The law does not preclude the employment of such unfortunates by thrusting a charge of negligence, ab initio, upon their employer. In order to impose actionable negligence upon the employer, more than the mere act of employment of such a person is required.

The fifth charge of negligence in the petition is that the defendants did not have a night watchman stationed in and about the premises, but again we hold that it is not negligence for a motel to fail to have a night watchman about the premises. We do not find that the law imposes such a duty upon a motel.

The sixth *charge of negligence is that the defendant C. W. Harvey and other servants, agents and employees heard the plaintiff's cries for help but failed to come to her assistance. While this might be a breach of duty to a guest in a motel, there is no evidence in the record that the defendants or their employees, hearing the cries of the plaintiff for assistance, failed promptly to come to her aid. The plaintiff's own testimony on this point is that she cried out for help, but there is nothing in the record to show the defendants or their employees heard her and then failed to come to her aid. The testimony of one S. M. Flowers, an employee occasionally of the motel, but who was not working for the motel on the night in question, was that he was putting garbage on a truck in the back of the motel with a boy standing nearby. The boy stated that someone was practicing music, whereupon Flowers said, "The devil; that's a woman hollering." He then went around the motel to room number 4 (the plaintiff's room), found the door open, and interrupted the attack. He further testified that Mrs. Harvey, the wife of one of the defendants, then came up and ran off for help. The witness testified that after he entered the room, the plaintiff was not again attacked by the porter. While the evidence is not completely enlightening, it does not reveal any appreciable delay

in intervening after the plaintiff's cries were heard. There is, therefore, no evidence to support the charge of negligent failure to go to the aid of the plaintiff.

The seventh charge of negligence is that the defendants were under a legal duty to provide the plaintiff with a reasonably safe place of repose. However, applying the reasons previously indicated, we do not find in the record that there was any proof of any breach of this duty, if, indeed, there be such a duty, which point it is not now necessary to decide.

The final charge of negligence was that the defendants were negligent in furnishing to the 14-year-old porter the key to the bedroom which the defendants had rented to the plaintiff for her occupancy. Upon this point there is no evidence in the record to show that the porter used the motel's key to enter the plaintiff's room and make the attack. The investigating officer of the Georgia Bureau of Investigation, Mr. J. R. Dunn, testified that there was no damage to the lock and that there were only two keys found to the plaintiff's room, one of which was found inside the plaintiff's room, and the other key was brought to him by the defendant Rogers from the office, and furthermore, that no keys were found on the person of the porter who assaulted the plaintiff. Other testimony throughout the record indicates that the master pass key to the motel room would not fit the plaintiff's room because the lock had been changed since the building was constructed. The testimony of Mr. L. B. Warren, the Deputy Sheriff of Wayne County, was that the lock was in good working condition. He did not testify as to whether or not there was any damage shown to the door or the lock. Considering all of the above evidence there is no proof whatever that the defendants furnished a key to the porter, or allowed him to obtain a key, or that he had a key with which he was able to enter the plaintiff's room later in the night and make the attack. Under these circumstances, there was a complete failure to prove this charge of negligence.

It is therefore apparent that none of the specifications of negligence as charged against the defendants by the petition are sufficient in themselves or in the light of the evidence to justify the imposition of liability.

■ This leaves for consideration grounds 5, 6, and 8. Ground 5 charges that the court erred in overruling the defendants' motion for directed verdict at the conclusion of all the testimony for the reason that the plaintiff had failed to establish negligence on the part of the defendants. Ground 6 charges that the court erred in overruling the defendants' motion for a directed verdict at the conclusion of all the testimony, on the ground that there was no evidence that the negro porter, Crawford, was of a vicious nature or that either of the defendants had knowledge of his being of a vicious nature and were therefore negligent in employing him. Ground 8 of the amended motion, in effect, was that the court erred in failing to charge the jury that in order for the defendants to be held responsible for the actions of the porter in attacking the plaintiff, it must be shown by a preponderance of the evidence that the porter was of a vicious nature and that such fact was known to the defendants or should have been known to the defendants through the exercise of ordinary care, since the evidence clearly showed that the actions of the porter were not within the scope of his employment. We shall consider these grounds together, since they relate to the same legal problem.

It is elementary and requires no citation of authority that when an employee of a motel enters the room of a guest for the purpose of committing larceny or felonious assault upon the guest, the employee has departed from the scope of his employment and is engaged upon a frolic of his own. Since the employee was not engaged in the carrying out of any duties which his employment imposed upon him, under general principles of law the master would not be liable for the acts of his employee under the circumstances. It is true, however, that the master may be held liable for injuries to persons resulting from the incompetence or unfitness of a servant where the master was negligent in selecting or retaining an incompetent or unfit servant. See 57 C.J.S. 271, Master and Servant, § 559. In such a case the master's negligence in hiring or retaining the incompetent or unfit servant makes him liable to the injured party. Furthermore, every assault upon a third person or guest is not necessarily out of the scope of the employee's employment. Cf.

■

402

29 Am. Jur. 48, Innkeepers, § 60; and *Newton v. Candace, Inc.*, 94 Ga. App. 385 (94 S. E. 2d 739). In the *Newton* case the hotel was held liable for an unprovoked assault committed by the clerk upon a patron who politely requested the clerk to arrange credit for his wife at another hotel. In such an occurrence it is clear that the assault arises out of the servant's carrying on the duties which his employment imposes upon him. In the present case, however, it is obvious from the evidence that the employee was not engaged in the course of his employment. Hence, without more, the innkeeper defendants cannot be held legally responsible to the plaintiff for her injuries and damage. See *Henderson v. Dade Coal Co.*, 100 Ga. 568 (28 S. E. 251, 40 L. R. A. 95), which held that the defendant was not liable for a brutal attack upon the plaintiff by a convict who was in the custody of the defendants who had negligently allowed him to escape and while at large committed the attack. In *Andrews & Co. v. Kinsel*, 114 Ga. 390 (40 S. E. 300, 88 Am. St. Rep. 25), it was held that even though the alleged negligence of the defendants in leaving two windows open in a store next to the plaintiff's, made it easy for burglars to effect an entrance, the defendants were not liable for the burglarizing of the plaintiff's store because it is a well recognized principle that where there has intervened between the defendant's negligent act and the injury sustained by the plaintiff the independent illegal act of a third person producing the injury and without which it could not have happened, the latter is properly held the proximate cause of the injuries and the original negligent defendant is excused. These cases thus held that the criminal act of a third person broke the chain of causation. In *Community Theatres Co. v. Bentley*, 88 Ga. App. 303 (76 S. E. 2d 632), the theatre company was held not liable for the theatre manager's commission of an indecent act upon a child patron of a theatre, since there were no facts alleged which would constitute actual notice to the master sufficient to raise a duty as to it to protect its invitees from such acts, and there was no notice to the employer or facts to put the employer on inquiry as to the criminal propensities of its employee, which, it was suggested, would be negligence if the employer retained the employee with knowledge of his criminal

inclinations. This latter suggestion raises the question as to whether a view of the record as a whole reveals the situation here to be within the implication of the *Bentley* case.

There are situations where the crime of a third party does not break the chain of causation so as to relieve the antecedent negligent actor from liability. Cf. *Brower v. New York Central & Hudson River R. Co.*, 91 N. J. L. 190 (103 A. 166, 1 A. L. R. 734); 27 Yale L. J. 1087; 16 Mich. L. R. 657. 2 Restatement of Torts § 302, Comment n.

"The obligation of the proprietor to protect his patrons from injury or mistreatment includes the duty to select and retain only such employees as are fit and suitable to look after the safety and comfort of his guests and who will not commit acts of violence against them, insofar as it is reasonably within his power to do so. A breach of this duty has been held to constitute negligence and to render an innkeeper or restaurant keeper responsible for even a purely personal assault by the servant. However, where the claim of liability is based on this ground, the guest must prove negligence on the part of the innkeeper in either employing or retaining an employee whose unfitness for the position caused the injury complained of." 29 Am. Jur. 49, Innkeepers, § 60; also see Rahmel v. Lehndorff, 142 Cal. 681 (76 P. 659); Ledington v. Williams, 257 Ky. 599 (78 S. W. 2d 790); and Duckworth v. Appostalis (DC Tenn.) 208 F. 936.

In recognition of these authorities and the suggestion asserted in the *Bentley* case, supra, our conclusion is that in the present case there is to be found in the record evidence, admitted without objection, from which the jury could conclude that the defendant was guilty of negligent conduct which proximately produced the plaintiff's injuries. This evidence appears in the testimony of the defendant C. W. Harvey, as follows: "Q. Let me ask you. Since this whole thing came up have you found that Crawford had been stealing money from you, or from your business? A. He has admitted he did— Q. What monies has he admitted stealing from you? A. That was a box in 22 that had $100 in it. Q. That was in the next room? A. No, Vernon's room. Q. He admitted he did steal that? A. He admitted that he and a white boy stole it. Q. Wasn't there also

a juke box? A. Yes, he admitted breaking into that. Q. That was before all this occurred? A. It was just about the same time. Q. Wasn't it sometime prior to that? A. No, it was just before this happened. Q. Well, did you or not suspect him when this occurred? A. I suspected him and the white boy. Q. And you later on found out that you were right? A. Yes sir."

We think this evidence might have been interpreted by the jury as proving that the culpable employee of the defendants had previously committed the crime of burglary by entering a room and taking $100, and that the innkeeper-employers had notice of it. The jury having thus concluded that where, as here, the innkeeper-employers had notice of such felonious tendencies of an employee, they could have further found that if the employee continued to follow his tendencies to commit crimes of burglary, he might be apprehended by a guest, in which case it would naturally follow that there would be a considerable risk that the guest would be assaulted by the employee while committing the offense. Under these circumstances, we hold as a matter of law that the innkeeper-employers might properly be held liable for negligence in continuing in their employment an employee who had the felonious tendencies which this evidence might be found to reveal.

However, in this case the petition does not contain any allegation that the innkeeper-employers were negligent in retaining in their employment an employee who had felonious tendencies and of which the employers had notice prior to the attack upon the plaintiff.

The question thus arises whether a judgment may be sustained where the specific act of negligence which is found to impose liability upon the defendants is not anywhere alleged in the petition but is proved by the evidence brought out at the trial, relating to the same cause of action, and to which evidence no objection was made by the defendants at the time it was offered. To answer this question requires a considerable analysis of a large volume of cases. The general rule, of course, is that the plaintiff must recover upon the cause of action as set forth in his petition, and a verdict in his favor is illegal when

the evidence fails to support the cause declared on, even though a different cause of action might be sustained from the testimony admitted without objection. But where evidence is admitted without objection, which supports in fact the same cause of action, although it might have been excluded on objection, such evidence will be sufficient to authorize a recovery if, under the facts of the case, the petition by amendment could have been made to conform to the proof offered so as to render such testimony relevant. The reason for this rule appears in *Napier v. Strong,* 19 Ga. App. 401, 406 (2) (91 S. E. 579) which stated, "A different rule would apply when evidence admitted without objection could have been rejected as not conforming to the allegations as laid, but in fact related to the cause of action declared on. In such a case our courts have repeatedly held that a party waives his objection to the pleadings by allowing such evidence to go to the jury without objection; the reason for this just rule in such a case evidently being that had objection been made, the party tendering such evidence might have amended his pleadings so as to conform thereto. One of the principal functions of amendments is to conserve this right." See also *Columbia Fire Ins. Co. v. Tatum,* 46 Ga. App. 475 (4), 478 (167 S. E. 911); *Haiman & Bro. v. Moses,* 39 Ga. 708 (3); *Savannah F. & W. Ry. Co. v. Barber,* 71 Ga. 644 (2a); *Cash v. Cash,* 177 Ga. 47 (169 S. E. 311); *Asphalt Products Co. v. Wright,* 60 Ga. App. 110, 112 (2 S. E. 2d 818); *Hayden v. Burney,* 89 Ga. 715 (15 S. E. 623); *McEntyre v. Burns,* 81 Ga. App. 239, 253 (58 S. E. 2d 442). In such a case the court may properly charge the jury as to its legal effect, and where a party permits evidence to go to the jury without objection and the jury finds on such evidence, the losing party is not entitled to a new trial on the ground that the evidence does not correspond with the declaration. "These rulings are based upon the principle that if objection were made to the testimony upon the ground that it was not authorized by the pleadings, the pleadings might have been so amended so as to authorize the introduction of the testimony." *Gainesville & Northwestern R. Co. v. Galloway,* 17 Ga. App. 702 (87 S. E. 1093). See also *Taylor v. Taylor,* 195 Ga. 711 (11), 721 (25 S. E. 2d 506); *Ga. Railroad v. Lawrence,*

74 Ga. 534; *Central R. & Bkg. Co. v. Attaway,* 90 Ga. 656 (16 S. E. 956); *Howard v. Barrett,* 52 Ga. 15; *Seabrook v. Brady,* 47 Ga. 650, 659; *Savannah &c. Ry. v. Grogan,* 117 Ga. 461 (43 S. E. 701); *Field v. Martin,* 49 Ga. 268, 271; *M. E. Church v. Dudley &c. Lumber Co.,* 137 Ga. 68 (6), 69 (72 S. E. 480); *Artope v. Goodall,* 53 Ga. 318, 323; and *Ocean Steamship Co. v. Williams,* 69 Ga. 251 (4a).

The case of *Central of Georgia Ry. Co. v. Roberts,* 213 Ga. 135, 137 (97 S. E. 2d 149) is not in point. While in this case the court stated, "In a suit to recover damages for personal injuries alleged to have been sustained by reason of negligence on the part of the defendants, the plaintiff must recover, if at all, upon proof establishing the specific acts of negligence alleged in his petition . . . ", the difference is that the case there was before the Supreme Court upon the question of whether the petition stated a cause of action. Evidence had not, in that case, gone to the jury without objection by the defendant to prove a different act of negligence relating to the same cause of action. The case of the *Georgia Brewing Association v. Henderson,* 117 Ga. 480 (43 S. E. 698), is not in point, although at page 482 the court said, "Counsel for the defendant in error argued that, although this charge may not have been adapted to the pleadings in the case, evidence had been admitted, without objection, as to the want of care of the driver, and, therefore, the court had a right to instruct the jury as to the effect of it. We think that no evidence was admitted upon this subject which would not have been admissible under the pleadings." Thus, in the *Henderson* case also, from the statement of the court, it is obvious that the question of evidence not admissible under the pleadings, but nevertheless admitted without objection, did not arise.

Our conclusion is that where evidence is admitted in the trial of the cause as to acts of negligence relating to the same cause of action, but which are not specifically charged in the petition as negligent acts, and no objection is made to the evidence thus offered, which evidence by amendment to the petition could have been properly admitted, such evidence proving negligence on the part of the defendant may be held to sustain a judgment

rendered against him. In such a case we find the rule to be that the defendant's failure to object to the evidence offered amounts to a waiver upon his part of his right to insist upon an amendment to the petition, and the case then proceeds as though there had been an appropriate amendment permitting the introduction of the testimony. *Mutual Benefit Health &c. Assn. v. Hickman,* 100 Ga. App. 348, 369 (111 S. E. 2d 380); *Reserve Insurance Co. v. Foster,* 96 Ga. App. 337, 340 (99 S. E. 2d 839).

Accordingly, for the reasons indicated, it was not error for the trial court to overrule the defendants' motion as contended in these grounds.

Under the view we have taken of this case, it was not error for the trial court to fail to charge the jury, as contended, that in order for the defendants to be held responsible for the actions of the porter in attacking the plaintiff, it must have been shown by a preponderance of the evidence that the porter was of a vicious nature and that such fact was known or should have been known to the defendants through the exercise of ordinary care. In view of the admission of the defendant Harvey in his testimony quoted that he knew of the felonious tendencies of the employee, we feel the failure of the court to make this charge was not error.

■ Plaintiffs in error make much of the contention that it was erroneous to sue them as co-partners doing business as the Don Juan Motel for the reason that the Don Juan Motel & Restaurant, Inc., a corporation, should have been the defendant. The several grounds asserting this error in various forms are all without merit by reason of the existence of *Code* § 75-313, which states: "When partners sue or are sued in their firm name, the partnership need not be proved unless denied by the defendants, or one of them, upon oath, on plea in abatement filed." Here the defendants filed no plea of nul tiel partnership under oath, as required by the above statute. Under this statute it is not necessary where partners are sued in their firm name that the partnership be proved unless denied on oath by a plea in abatement. "In the absence of such, it is too late, after verdict, for him to complain, and the verdict cannot be set aside on this ground." *Henderson Warehouse Co. v. Brand,* 105 Ga.

217 (1), 221 (31 S. E. 551). See also *Petkas v. Wright Company, Inc.*, 87 Ga. App. 189 (2) (73 S. E. 2d 224).

In the case of *McMillan v. Shepard-Niles Crane & Hoist Corp.*, 43 Ga. App. 281 (158 S. E. 602), the plaintiffs brought the action against the defendants as a co-partnership doing business under the name alleged. The defendants did not file a verified answer as required by this statute. The trial court directed the verdict for the plaintiffs against the defendants, and this court held: "Whether there was or was not a partnership between Dyer and McMillan, the court properly directed a verdict in favor of the plaintiff in attachment."

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*